UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMYTHA L. HOPKINS,<br><br>              Plaintiff,<br><br>     v.<br><br>MICHAEL J. ASTRUE,[1]<br>Commissioner of Social<br>Security,<br><br>              Defendant. | Case No. EDCV-06-533 JC<br><br>MEMORANDUM OPINION AND<br>ORDER OF REMAND |

## I.   SUMMARY

On May 31, 2006, plaintiff Tamytha L. Hopkins ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of benefits. The parties have filed a consent to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross-motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; June 6, 2006 Case Management Order, ¶ 5.

---

[1] Michael J. Astrue is substituted as Commissioner of Social Security pursuant to Fed. R. Civ. P. 25(d)(1).

1

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand. The Administrative Law Judge ("ALJ") erred by failing to consider the statement of plaintiff's husband concerning her impairments.

## II.   BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On or about July 9, 2003, plaintiff filed an application for disability insurance ("DIB") and supplemental security income ("SSI") benefits. (Administrative Record ("AR") 65-67, 288-90). Plaintiff asserted she became disabled on April 6, 2003 due to bi-polar affective disorder - type II, depression, anxiety attacks, asthma, allergies, an ulcer, obsessive-compulsive disorder, gastroesophageal reflux disease, and pregnancy complications. (AR 65, 105).

The Social Security Administration denied plaintiff's application initially and upon reconsideration. (AR 23-25, 27-36, 292-93). Plaintiff then requested a hearing, which was held before an ALJ on February 1, 2005. (AR 37, 294-313). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel). (AR 293-313). Following the hearing the ALJ ordered a psychiatric consultative examination. (AR 273-79). On October 3, 2005, a second hearing was held before the ALJ during which plaintiff (who was still represented by counsel) and a vocational expert testified. (AR 314-23).

On February 22, 2006, the ALJ determined that plaintiff was not disabled at any time through the date of the ALJ's decision. (AR 11-22). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairment: "affective disorder, not otherwise specified" also "described at various times as a depressive disorder, a bipolar disorder, a mood disorder, and obsessive-compulsive disorder, anxiety attacks, and an anxiety disorder" (AR 12, 13, 21); (2) plaintiff's medically determinable impairments did not meet or medically equal

one of the listed impairments (AR 12, 21); (3) plaintiff retained a residual functional capacity without exertional limitations, but with moderate limitation in plaintiff's "ability to carry out detailed instructions, maintain attention and concentration for extended periods, make simple work-related decisions, set realistic goals or make plans independently of others and interact appropriately with the general public" (AR 18, 20); (4) plaintiff was unable to perform her past relevant work (AR 19, 21); and (5) plaintiff could perform work that exists in significant numbers in the national economy. (AR 20, 21-22).

The Appeals Council ultimately denied plaintiff's application for review of the ALJ's decision. (AR 4-6).

### III.   APPLICABLE LEGAL STANDARDS

#### A.   Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that she is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work she previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit her ability to work? If not, the claimant is not disabled. If so, proceed to step three.

|   |   |   |
|---|---|---|
| | (3) | Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four. |
| | (4) | Does the claimant possess the residual functional capacity to perform her past relevant work?[2] If so, the claimant is not disabled. If not, proceed to step five. |
| | (5) | Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow her to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled. |

Stout v. Commissioner, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920). "[T]he ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry." Bustamante v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001); see also Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (ALJ has special duty to fully and fairly develop record and to assure that claimant's interests are considered). The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54 (citing Tackett); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

///
///

---

[2] Residual functional capacity is "what [one] can still do despite [ones] limitations" and represents an "assessment based upon all of the relevant evidence." 20 C.F.R. §§ 404.1545(a), 416.945(a). "In determining a claimant's [residual functional capacity], an ALJ must consider all relevant evidence in the record, including, inter alia, medical records, lay evidence, and the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment." Robbins v. Social Security Administration, 466 F.3d 880, 883 (9th Cir. 2006) (citations omitted).

### B. Standard of Review

Pursuant to 42 U.S.C. section 405(g), a court "may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error." Robbins, 466 F.3d at 882 (citing Flaten v. Secretary of Health & Human Services, 44 F.3d at 1457). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

### A. The ALJ Erred in Failing to Consider Plaintiff's Husband's Statements Concerning Plaintiff's Limitations

Plaintiff complains that the ALJ failed to give proper consideration to her husband's statements regarding her symptoms and functional limitations. (Plaintiff's Motion at 2-3). As the ALJ's decision reflects no consideration of plaintiff's husband's statements, this Court agrees that the ALJ erred in failing to consider such evidence.

///
///
///
///

### 1.     Pertinent Facts

On August 13, 2003, plaintiff's husband completed a "Function Report Adult - Third Party," in which he describes his observations of plaintiff's symptoms and functionality. (AR 128-36). Plaintiff's husband reported: Plaintiff "has always been unable to attend certain social events with too many people. . . gets ill easily and needs more time than most to recover." (AR 129).[3] She needs reminders to shower, feed herself and take her medicine but "can follow [written] instructions to the letter." (AR 130, 133). Plaintiff goes outside twice a week, walks or uses public transportation, can go out alone, grocery shop (with reminders), pay bills, count change, handle a savings account and use a checkbook. (AR 131-32). Plaintiff's condition affects her lifting, squatting, reaching, walking, hearing, memory, stair-climbing, completing tasks, concentration, and getting along with others. (AR 133). Plaintiff can walk 100 yards before needing to rest. (AR 133). "Due to asthma [plaintiff] cannot do physical tasks for very long especially during hot or windy conditions. [S]he has panic attacks and can be very forgetful." (AR 133).[4]

### 2.     Pertinent Law

Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he expressly determines to disregard such testimony and gives reasons germane to each witness for doing so. Stout, 454

---

[3]Plaintiff's husband remarked:

[Plaintiff] will test well academically for jobs but cannot remain in them without becoming ill or being overcome by pressure or stress. [D]ue to scarring on her lungs every time she catches a cold she will get bronchitis then pneumonia, she is a very high functioning person and has a phobia about doing stupid things that will give away her mental problems.

(AR 135).

[4]Plaintiff was pregnant at the time her husband completed this report. She gave birth in November 2003. (AR 303-04).

6

F.3d at 1056 (citations omitted); Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001); see also Robbins, 466 F.3d at 885 (ALJ required to account for all lay witness testimony in discussion of findings) (citation omitted); Regennitter v. Commissioner, 166 F.3d 1294, 1298 (9th Cir. 1999) (testimony by lay witness who has observed claimant is important source of information about claimant's impairments); Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996) (lay witness testimony as to claimant's symptoms or how impairment affects ability to work is competent evidence and therefore cannot be disregarded without comment (citations omitted);[5] Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987) (ALJ must consider observations of non-medical sources, e.g., lay witnesses, as to how impairment affects claimant's ability to work).  Accordingly, even "family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to [the claimant's] condition." Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993).

Most of the above-cited authorities speak in terms of the "testimony" of lay witnesses.  However, the standards discussed in these authorities appear equally applicable to written statements.  Cf. Schneider v. Commissioner, 223 F.3d 968, 974-75 (9th Cir. 2000) (ALJ erred in failing to consider letters submitted by claimant's friends and ex-employers in evaluating severity of claimant's functional limitations).

---

[5] In Nguyen, the Ninth Circuit also explained that Vincent v. Heckler, 739 F.2d 1393 (9th Cir. 1984) does not stand for the proposition that an ALJ may disregard, without stating the reasons therefor, lay witness testimony as to a claimant's symptoms or how an impairment affects the claimant's ability work. 100 F.3d at 1467. As the Nguyen court notes, in Vincent lay witnesses were making medical diagnoses, e.g., that the claimant had a serious medical impairment as a result of a stroke. Id. Such medical diagnoses by lay witnesses (as opposed to observations of symptoms and impairments) do not constitute competent evidence and thus could properly be disregarded without comment. Id.

### 3. Analysis

As noted above, the ALJ in this case did not mention or discuss the report from plaintiff's husband in finding plaintiff not disabled. Plaintiff contends that this warrants reversal or remand. (Plaintiff's Motion at 2-3). Although defendant does not dispute that the ALJ failed expressly to address the evidence offered by plaintiff's husband, defendant contends that any error was harmless because there is ample reason to reject plaintiff's husband's statements, and, in any event, such statements do not establish that plaintiff is disabled. (Defendant's Motion at 3-5).

First, however persuasive the reasons now offered by defendant to reject the statements of plaintiff's husband may be, the Ninth Circuit has ruled that such arguments are not cognizable by the Court because they were not cited by the ALJ. See Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (district court cannot affirm on the basis of evidence the ALJ failed to discuss); Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001) (court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision").

Second, where, as here, an ALJ fails properly to consider competent lay evidence favorable to a claimant, the district court cannot deem the error harmless unless no reasonable ALJ, when fully crediting the lay evidence, could have reached a different disability determination. See Stout, 454 F.3d at 1056. Even if this Court accepts defendant's premise that the evidence offered by plaintiff's husband does not itself "establish" that plaintiff is disabled, this does not render the ALJ's failure to consider it harmless. This Court is unable to conclude that no reasonable ALJ fully crediting the statements of plaintiff's husband could have reached a different disability determination regarding plaintiff.

///
///
///
///

## V.   CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[6]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  September 14, 2007

                                                     /s/
                                       Honorable Jacqueline Chooljian
                                       UNITED STATES MAGISTRATE JUDGE

---

[6] The Court need not and has not reached the other issues raised by plaintiff except insofar as to determine that plaintiff's suggestion of reversal rather than remand is unpersuasive.  When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation."  Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).